Mahtin, J.
The plaintiff is appellant, from a judgment dismissing his suit on an exception of the defendant, whom he prosecuted with the view of obtaining damages, in consequence of his having been prevented from voting at the late presidential election, by the defendant, who was one of the inspectors. The plaintiff charged, that in so doing the defendant acted maliciously and without just ground.
The First Judge has not favored us with any of the reasons, nor the citation of any law on which his judgment is based. The plaintiff has not complained of this, but has built his hope of relief at our hands, on an allegation that he has shown a cause of action, thus denying the only ground of the defendant’s exception, to wit: that, on the face of the petition, no cause of action is shown.
On the part of the plaintiff and appellant, it has been insisted, that the law gives a remedy for every wrong. The counsel of the defendant and appellee has likened the case of his client, to that of a judge who is riot responsible in damages for his judicial opinions. To this it was replied, that inspectors of elections are not judges, and that although the latter may not be answerable in damages for erroneous judgments, they may be, when the injury they have inflicted does not proceed from error, but from *639 malice. The plaintiff’s counsel is fully supported by the case of Jenkins v. Waldron, 11 Johnson, 114, which is one in point, and the grounds on which it was decided, conclusive.
Rawle, for the appellant.
. T. Slidell, for the defendant.
The First Judge, in our opinion, erred in sustaining the exception.
It is, therefore, ordered and decreed, that the judgment be annulled and reversed, the exception overruled, and the case remanded for further proceedings ; the defendant paying the costs of this appeal.